**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**KYLE BEEBE,**

<b>Plaintiff,</b>

**vs.**                                                          **CIVIL NO. 1:19-cv-00545-JHR-JFR**

**JOHN TODD,**

<b>Defendant.</b>

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on July 11, 2019 at 10:00 a.m. MST and was attended by:

Timothy White for Plaintiff; and

Elizabeth G. Perkins for Defendant

## NATURE OF THE CASE

This personal injury tort case arises from an automobile accident on May 5, 2016 between Kyle Beebe and John Todd. Mr. Beebe alleges Mr. Todd pulled out in front of him as he was travelling southbound on US Hwy 550. The front of Mr. Beebe's truck collided with the driver's side of Mr. Todd's truck.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file:

Plaintiff(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:

1. None at this time

Defendants(s) should be allowed until _____ to move to amend the pleadings and until _____ to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

1. Any fact admitted in the pleadings

The parties further stipulate and agree that the law governing this case is New Mexico.

## PLAINTIFF'S CONTENTIONS:

Plaintiff Kyle Beebe contends that Defendant John Todd is responsible for the physical injuries to himself and his vehicle and emotional distress caused by Defendant John Todd's failure to yield when turning out of a private drive.

## DEFENDANT'S CONTENTIONS:

John Todd contends Kyle Beebe was not injured in the motor vehicle accident on May 5, 2019. Mr. Todd contends Mr. Beebe's alleged injuries are the result of a pre-existing condition or alternate cause and not a result of any negligence by Mr. Todd. Mr. Todd further contends the accident on May 5, 2019, may have been the result of some negligence by Mr. Beebe.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."

List all documents which you believe, at this time, will be exhibits at the trial.

List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

*Version 3: December 2009*

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

1. Plaintiff's alleged damages

2. Any and all subjects that come to light through depositions, interrogatories, and requests for production.

**Plaintiff:**

A. Witnesses

    1.    Kyle Beebe
         c/o Valdez and White Law Firm, LLC
         P.O. Box 25646
         Albuquerque, NM 87125

    2.    John Todd
         c/o Chapman and Priest, P.C.
         4100 Osuna Rd NE
         Albuquerque, NM 87109

B. Exhibits

    1.    State of New Mexico Uniform Crash Report #30161433

C. Experts

**Defendant:**

A. Witnesses

    1.    Kyle Beebe
         c/o Valdez and White Law Firm, LLC
         P.O. Box 25646
         Albuquerque, NM 87125

         Mr. Beebe will testify as to his knowledge of the accident that forms the subject of this lawsuit and his alleged damages.

    2.    John Todd
         c/o Chapman and Priest, P.C.
         4100 Osuna Rd NE
         Albuquerque, NM 87109

*Version 3: December 2009*

Mr. Todd will testify as to his knowledge of the accident that forms the subject of this lawsuit.

3.      Robert Jordan
        c/o WPX Energy
        721 S Main Ave
        Aztec, NM 87410

Mr. Jordan may have information regarding Mr. Beebe's physical condition after the accident at issue in this case.

4.      Plaintiff's medical providers. Providers are expected to have information regarding Mr. Beebe's alleged injuries, medical treatment, and physical condition after the accident at issue in this case to the present.

5.      Any expert(s) identified by Plaintiff.

6.      Appropriate rebuttal witnesses and expert witnesses.

B.  Exhibits

1.      Any documents produced by Plaintiff

2.      Recorded statements

C.  Experts

1.      Undetermined

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each party to any other party.  (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition (other than of parties and experts) limited to maximum of 4 hours unless extended by agreement of parties.

4

Reports from retained experts under Rule 26(a)(2) due:

     from Plaintiff(s) by _____

     from Defendant(s) by _____

Supplementation under Rule 26(e) due _____ *(set time(s) or interval(s)).*

All discovery commenced in time to be complete by _____.  Discovery on *(issue for early discovery)* to be completed by _____.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file:

1.     Unknown at this time

Defendant intends to file:

1.     Dispositive motions

## ESTIMATED TRIAL TIME

The parties estimate trial will require <u>3</u> days.

\_\_\_\_ This is a non-jury case.

 <u>X</u>  This is a jury case.

The parties request a pretrial conference in _____.

## SETTLEMENT

The possibility of settlement in this case is considered: <u>cannot be evaluated prior to discovery</u> and may be enhanced by use of the following alternative dispute resolution procedure: <u>settlement conference</u>.  The parties request a settlement conference <u>as scheduled by the court</u>.

*Version 3: December 2009*

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)


APPROVED WITHOUT EXCEPTIONS


/s/Timothy L. White_____
For Plaintiff


/s/Elizabeth G. Perkins_____
For Defendant


6

*Version 3: December 2009*