IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KYLE BEEBE,

        Plaintiff,

vs.                                                                            1:19-CV-00545 JHR/JFR

JOHN TODD,

        Defendant.

## **PLAINTIFF'S MOTION FOR EXTENSION**

Kyle Beebe, through the undersigned counsel, moves the Court for a brief extension of time to name and provide Rule 26(a)(2)(C) summary disclosures from his treating healthcare providers showing that his injury and continued pain are the result of the motor vehicle collision on May 5, 2016, and to extend the discovery deadline in this lawsuit in order for Defendant only to pursue any discovery he feels necessary after receiving those summary disclosures and as good cause for those extensions, would show the Court as follows.

1. The Court set deadlines for Plaintiff to name expert witnesses and for the close of discovery by the Court's order of December 13, 2019. Those deadlines were February 14, 2020 and April 13, 2020, respectively.

2. Counsel for Plaintiff misunderstood and was in error believing that treating healthcare providers were not subject to an "expert" label, believing that applied to only hired testimony such as has been presented by Defendant in support of his motion for summary judgment. Counsel's error was in thinking that only such hired experts, those subject to providing a written report, had to be named in advance of the expert witness deadline. Because of

counsel's error, the summary disclosures that are required by Rule 26(a)(2)(C) and the Court's expert witness deadline were not obtained.

3. Plaintiff seeks a two week extension of the time to obtain those summary disclosures until May 25, 2020, and a commensurate extension past that time as found appropriate by the Court or as requested by Defendant to open discovery solely for Defendant to obtain any discovery he deems necessary after receipt of those disclosures.

4. The extensions sought will not unduly prejudice Defendant nor cause delay in this matter as the case has not been set for trial.

5. Good cause exists for these extensions as the error here is counsel's only and in order to decide this lawsuit on its merits, counsel pleads with the Court that his error not be the cause of his client's lawsuit being dismissed, as a result of a mistake that has caused confusion elsewhere previously on this point of law. *See e.g.* Doporto v. Chan Kim, Order of June 12, 2012, CV 10-145 JH/WPL, Dkt. No. 85; *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*," 33 Rev. Litig. 249 (2014).

6. Defendant opposes this motion.

For the reasons stated, Plaintiff asks that this motion be granted.

    Respectfully submitted,

    VALDEZ AND WHITE LAW FIRM, LLC

    <u>/s/Timothy L. White</u>
    Timothy L. White
    P.O. Box 25646
    Albuquerque, N.M. 87125
    Telephone: (505) 345-0289

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was emailed to defense counsel on May 11, 2020 via the Court's CM/ECF system.

<u>/s/ Timothy L. White</u>
Timothy L. White