IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| KYLE BEEBE<br>Plaintiff, | §<br>§<br>§ | Civil Action No. 1:19-cv-00545-JHR-JFR<br><br>**JURY TRIAL REQUESTED** |
| v. | §<br>§ | |
| JOHN TODD<br>Defendant. | §<br>§ | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION**

In his response to Defendant Todd's Motion for Summary Judgment, Plaintiff acknowledges that he failed to properly disclose any expert witnesses or produce any expert reports as required by the Federal Rules of Civil Procedure and this Court's scheduling order. Plaintiff seeks to remedy that error by moving for an extension of the scheduling order so that he may provide summary disclosures of his treating physicians pursuant to Rule 26(a)(2)(C). Plaintiff's Motion for Extension should be denied because he has not shown that good cause exists for a modification of this Court's scheduling order under Rule 16(b)(4). Further, because Plaintiff's proposed solution does not address his fundamental problem that he cannot establish medical causation, the Court should grant Todd's Motion for Summary Judgment.

A. **There is no good cause to extend this Court's Scheduling Order**

In Plaintiff's Motion for Extension, counsel for Plaintiff acknowledges that he "misunderstood and was in error believing that treating healthcare providers were not subject to an 'expert' label." *See* Motion for Extension of Time at ¶ 2. He further admits that "because of counsel's error, the summary disclosures that are required by Rule 26(a)(2)(C) and the Court's expert witness deadline were not obtained." *Id*.

1

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "a schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).  The Tenth Circuit has held that the concepts of good cause, excusable neglect, and diligence are related. *Montoya v. Sheldon*, 286 F.R.D. 602, 609 (D.N.M. 2012).  In *In re Kirkland,* 86 F.3d 172 (10th Cir. 1996), the Tenth Circuit dealt with the definition of "good cause" and noted:

> [W]ithout attempting a rigid or all-encompassing definition of good cause, it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or ***mistake of counsel or ignorance of the rules usually does not suffice***, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required.

86 F.3d at 175 (emphasis added).  Thus, courts in the District Court of New Mexico have found that "good cause" requires diligence and a conscientious attempt to comply with the Court's scheduling order.  *New Mexico ex rel. Balderas v. Real Estate Law Ctr., P.C.*, --- F.Supp 3d ---, 2019 WL 6869885, at *7 (D.N.M. Dec. 16, 2019).  In absence of such a showing, the courts in this District have not found "good cause."  For example, in *Montoya*, the court did not find good cause to modify the scheduling order and reopen discovery where the plaintiffs' excuse for not disclosing their expert before the close of discovery was that plaintiffs' counsel believed that the case would settle and they would thus not require expert testimony. *See* 286 F.R.D. at 616-17. The Court stated:

> The [plaintiffs] filed this case on April 15, 2010. Because [plaintiff] D. Montoya had seen the physician before that date, the fact that the [plaintiffs] are only now bringing the physician forward as a newly identified expert witness, over two years later, and over one and a half years after the deadline to disclose expert witnesses, does not evidence circumstances in which the Court can find excusable neglect nor good cause.

286 F.R.D. at 616-17.  The court also rejected the plaintiffs' argument that the court should allow the modification of the scheduling order because the defendants would not be prejudiced by

the untimely disclosure of Plaintiff's expert witness since the Court had not yet set the case for trial. *Id*. at 617. The court noted that Rule 16(b) does not focus on prejudice to the opposing party, and the question of whether or not the untimely expert disclosure would prejudice the defendants was not essential to the determination of whether good cause was shown for not complying with the court's scheduling order. *Id*.

Similarly, in *Scull v. Management & Training Corp.*, 2012 WL 1596962 (D.N.M. May 2, 2012), the court denied a plaintiff's request for an extension of time to name an expert witness against a defendant. *See* 2012 WL 1596962, at *8. The plaintiff asserted that he had waited to name an expert witness until a second defendant joined the case, but a scheduling order was in effect before the second defendant entered the case. *See* 2012 WL 1596962, at *8. The court concluded that the plaintiff should have known that he would need to name an expert witness against the defendant already in the case, and that the plaintiff was seeking "relief from his own disregard" for the deadline. 2012 WL 1596962, at *8.

These cases can be contrasted with situations where courts in this District *have* determined that good cause exists because of serious and unforeseen events that prevented a party from complying with a scheduling order. *See Stark-Romero v. National Railroad Passenger Co. (AMTRAK)*, 275 F.R.D. 544 (D.N.M. 2011) (holding that that a lawyer had shown excusable neglect when he missed a scheduling deadline because, soon after his son's wedding, his father-in-law developed a tumor in his chest, the lawyer arranged his father-in-law's medical care, and, only after the lawyer returned to his work did he realize that a deadline passed); *see also West v. New Mexico Taxation and Revenue Department*, 2010 WL 3834341 (D.N.M. July 29, 2010) (holding that a plaintiff could have additional time to file a response to a defendant's motion for summary

judgment, in part because of the difficulty the plaintiff's counsel experienced attempting to obtain depositions with certain defense witnesses).

The *only* justification given for Plaintiff's failure to timely disclose experts is that his counsel "misunderstood and was in error" regarding the law pertaining to expert disclosures. Because the Tenth Circuit and the courts of this District have repeatedly and consistently held that mistakes of counsel and ignorance of the rules do not constitute "good cause," Plaintiff has not met his burden to demonstrate that good cause exists for an extension of the scheduling order. Moreover, in the six weeks since Beebe filed his Motion for Summary Judgment, which made Plaintiff aware of the law pertaining to expert disclosures, Plaintiff has done nothing to remedy his deficiencies, such as filing or serving expert disclosures or reports (even if untimely). As a result, Plaintiff's Motion for Extension should be denied.

### B. Plaintiff's proposed fix would not fix anything

Even if this Court were to grant Plaintiff's Motion for Extension and allow him to disclose his treating physicians as expert witnesses under Rule 26(a)(2)(C), summary judgment would *still* be appropriate because Plaintiff would *still* lack required medical causation evidence. That is because Plaintiff's treating physicians have been utterly unable to pinpoint any cause or concrete diagnosis for his continued complaints of pain. *See* Dkt. No. 45, Todd's Motion for Summary Judgment, Undisputed Material Facts Nos. 8-22. Thus, even if these treating doctors are disclosed as non-retained expert witnesses under Rule 26(a)(2)(C), Plaintiff will be right back where he is now: unable to present any evidence that the accident giving rise to this lawsuit caused his alleged injuries and damages. And because this is a "medically complicated" case where there are "no obvious origins" for his problems, Plaintiff is required to present expert testimony establishing medical causation. *See Duke v. Garcia*, 2014 WL 1333151 (D.N.M. Feb. 28, 2014).

## C. Conclusion

For the foregoing reasons, Todd respectfully requests that this Court deny Plaintiff's Motion for Extension of Time and grant Todd's Motion for Summary Judgment, and award any such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        **FERNELIUS SIMON MACE ROBERTSON PERDUE, PLLC**

By:   */s/ Ryan M. Perdue*_____
       Stephen M. Fernelius
       New Mexico Bar No. 152675
       CAID No. 19325
       Email: steve.fernelius@trialattorneytx.com
       Ryan M. Perdue
       New Mexico Bar No. 152728
       CAID No. 19393
       Email: ryan.perdue@trialattorneytx.com
       4119 Montrose Blvd, Suite 500
       Houston, Texas 77006
       Telephone: (713) 654-1200
       Facsimile: (713) 654-4039

       **ATTORNEYS FOR DEFENDANT JOHN TODD**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on the 26th day of May, 2020.

                                              */s/ Ryan M. Perdue*
                                              Ryan M. Perdue