IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KYLE BEEBE,

   **Plaintiff,**

   vs.         **Civ. No. 19-545  JHR/JFR**

JOHN TODD,

   **Defendant.**

## ORDER DENYING MOTION TO EXTEND TIME TO FILE RULE 26(a)(2)(C) SUMMARY DISCLOSURES

  **THIS MATTER** is before the Court on Plaintiff's Motion to Extend Time to File Rule 26(a)(2)(C) Summary Disclosures ("Motion"), filed May 11, 2020.  Doc. 49.  Defendant filed a Response on May 26, 2020.[1]  Doc. 51.  Plaintiff filed a Reply on June 15, 2020.  Doc. 55. Having reviewed the parties' submission and the relevant law, the Court finds the Motion is not well taken, and it is **DENIED.**

## BACKGROUND

  This personal injury tort case arises from an automobile accident on May 5, 2016, between the parties.  Doc. 8.  Plaintiff alleges that Defendant pulled out in front of him as he was traveling southbound on US Hwy 550. The front of Plaintiff's truck collided with the driver's side of Defendant's truck.  *Id*.  Plaintiff began this case in New Mexico state court on April 26, 2019.  Doc. 1 at 6-8.  On June 12, 2019, Defendant removed this action to federal court.[2]  Doc. 1. On June 13, 2019, the Court entered an Initial Scheduling Order setting a scheduling conference

---

[1] Defendant combined its Response here with its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.  This Court's review, however, is limited solely to Plaintiff's Motion for Extension.

[2] Defendant was represented by Attorneys Donna L. Chapman and Elizabeth G. Perkins.  Doc. 1.

for August 1, 2019.  Doc. 3.  On July 22, 2019, the parties filed their Joint Status Report.  Doc. 8.

On August 1, 2019, the Court entered a scheduling order and scheduled a settlement conference.[3]

Docs. 11, 12.  On August 9, 2019, GEICO Advantage Insurance Company filed a Motion to

Intervene (Doc. 14), which the Court granted on September 6, 2019 (Doc. 20).  On September 9,

2019, GEICO filed Third Party Complaints against several Defendants-in-Intervention.  Docs.

21, 22.  On October 20, 2019, the parties moved to vacate the scheduling order deadlines

explaining that:  (1) based on Plaintiff-in-Intervention's Third Party Complaint the parties

anticipated entry of new counsel who would be participating in discovery moving forward;

(2) Plaintiff had not yet filed his initial or expert disclosures and had not answered propounded

discovery; and (3) new counsel for Defendant Todd was going to be substituted.[4]  Docs. 28.  The

parties further explained that they agreed to a 45-day extension of all parties' expert disclosure

deadlines.[5]  *Id.*  On November 20, 2019, GEICO moved to dismiss the Defendants-in-

Intervention named in its Third-Party Complaints (Doc. 31), which the Court granted on

December 6, 2019 (Doc. 35).  On November 22, 2019, the parties moved to reset the settlement

conference.  Doc. 32.  On December 13, 2019, after hearing from the parties at a telephone status

conference (Doc. 37), the Court entered an order amending the case management deadlines and

an order resetting the settlement conference.[6]  Docs. 38, 39.  On April 14, 2020, Defendant filed

---

[3] Plaintiff's Expert Disclosures were due by 09/30/2019; Defendant's Expert Disclosures were due by 10/30/2019; Discovery was due by 11/29/2019; Discovery Motions were due by 12/19/2019; Pretrial Motions were due by 12/30/2019; and the Pretrial Order was due by 02/14/2020 (Plaintiff to Defendant) and 02/28/2020 (Defendant to the Court).  Doc. 11 at 2.  A Settlement Conference was scheduled for 12/6/2019.  Doc. 12.
[4] On October 30, 2019, Defendant Todd moved to substitute Stephen M. Fernelius and Ryan M. Perdue as his counsel.  Doc. 27.  On November 5, 2019, the Court granted the motion.  Doc. 29.

[5] Plaintiff's expert disclosures were, therefore, due November 16, 2019.

[6] Plaintiff's Expert Disclosures were then due by 02/14/2020; Defendant's Expert Disclosures were due by 3/13/2020; Discovery was due by 4/13/2020; Discovery Motions were due by 5/10/2020; Pretrial Motions were due by 5/24/2020; and the Pretrial Order was due by 07/1/2020 (Plaintiff to Defendant) and 07/15/2020 (Defendant to the Court).  Doc. 38 at 2.  A Settlement Conference was scheduled for 5/4/2020.  Doc. 39.

a Motion for Summary Judgment Regarding Medical Causation. Doc. 45. On April 23, 2020, the Court vacated the settlement conference scheduled for May 4, 2020. Doc. 47. On May 11, 2020, Plaintiff filed the Motion to Extend Time to File Rule 26(a)(2)(C) Summary Disclosures currently before this Court. Doc. 49.

## LEGAL STANDARDS

Rule 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if the time to act has passed, the Court may extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK),* 275 F.R.D. 544, 547 (D.N.M. 2011) (citing *In re Four Seasons Sec. Laws Litig*., 493 F.2d 1288, 1290 (10th Cir. 1974)). Inadvertence, ignorance of the rules, and mistake of the rules are not sufficient to show excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

A determination of whether a party's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Such circumstances include: "(1) the danger of unfair prejudice to the opposing party; (2) the length of the delay caused by the neglect and its impact on the judicial proceedings; (3) the reason for the delay, and whether it was in the reasonable control of the moving party; and (4) the existence of good faith on the part of the

moving party." *Id.*; *see also Quigley*, 427 F.3d at 1238 (applying the *Torres* standard of excusable neglect to an issue arising under Rule 6(b)).  "The reason for the delay is an important, if not the most important, fact in this analysis." *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).

If the Court finds that there is excusable neglect for Plaintiff's failure to timely complete or move to extend discovery, the Court must then determine whether good cause exists to support modification of the case management deadlines.  *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"); D.N.M.LR-Civ. 16.1.  "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation omitted).  In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. Civ. 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007).  In deciding whether to modify a scheduling order to reopen discovery, courts are to consider "several relevant factors," including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed by discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 170 (10th Cir. 1987).  Whether to reopen discovery is a matter within the Court's discretion.  *Id; see also Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1386 (10th Cir. 1994).

## ANALYSIS

Plaintiff seeks an extension of his expert disclosure deadline as set forth in the Court's amended scheduling order "to name and provide Rule 26(a)(2)(C) summary disclosures from his treating healthcare providers showing that his injury and continued pain are the result of the motor vehicle collision on May 5, 2016." Doc. 49.  Plaintiff argues that "good cause" exists to extend the expert disclosure deadline because counsel for Plaintiff "misunderstood" that treating healthcare providers were subject to an "expert" label and, therefore, must be named in advance of the expert witness deadlines.  *Id.* at 1.  Plaintiff further argues that the case should be decided on its merits, and pleads with the Court that his error not be the cause of his client's lawsuit being dismissed.  *Id.* at 2.  Plaintiff cites to a June 12, 2012, Order issued by now retired Magistrate Judge William Lynch to support that his "mistake" has caused confusion elsewhere. *Id.*  Defendant asserts there is no good cause to extend the case management deadlines.  Doc. 51 at 1-4.  Defendant further asserts that even if the Court were to extend Plaintiff's expert disclosure deadline pursuant to Rule 26(a)(2)(C) that summary judgment would still be appropriate because Plaintiff would still lack the required expert testimony necessary to establish medical causation.  *Id.* at 4.

The Court's analysis here is strictly limited to whether Plaintiff has established excusable neglect and good cause for extending the case management deadlines.[7]  The deadline for Plaintiff to make expert disclosures was February 14, 2020.  Doc. 38.  Plaintiff concedes that he failed to timely make his disclosures pursuant to Fed. R. Civ. P. 26(a)(2).  Doc. 49 at 1.  Plaintiff,

---

[7] In his Reply, Plaintiff attached an Exhibit A, titled *Plaintiff's Treating Physician Expert Disclosure*, and explained that it would be attached to his Response to Defendant's Motion for Summary Judgment.  Doc. 55 at 2.  The Court does not address Plaintiff's Exhibit A, the context in which it was included or its bearing on the pending Motion for Summary Judgment, or whether Plaintiff's late disclosure is substantially justified or harmless pursuant to Fed. R. Civ. P. 37(c)(1), as these are matters for the presiding judge.

however, did not move to extend the expert disclosure deadline until after it passed and therefore must first show excusable neglect to justify an extension.  Neither of the parties' submissions explicitly address the excusable neglect factors.  The Court nonetheless will address each factor in turn and draw from the parties' "good cause" arguments to the extent there is overlap of the excusable neglect/good cause factors.

### A.   Excusable Neglect

#### 1.   The Danger of Unfair Prejudice to the Opposing Party

Plaintiff asserts, without more, that reopening discovery for the limited purpose of providing an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(C) would "not unduly prejudice Defendant[.]"  Doc. 49 at 2.  Defendant argues only that the question of whether or not the untimely expert disclosure would prejudice a party is not essential to whether Plaintiff has established good cause.  Doc. 51 at 3.

The Court finds that Defendant could be in danger of unfair prejudice by Plaintiff's late disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C).  Here, there is no evidence before the Court that Defendant was ever aware of Plaintiff's intent to use a treating physician as an expert witness testifying as to causation.  *See Walker v. Spina*, USDC NM Civ. No. 17-0991 JB\SCY, 2019 WL 145626, at *8 (D.N.M. Jan. 9, 2019) (citing *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006) (Kane, J.) (explaining that the disclosure requirement exists "to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition, any pretrial motions and trial")); *see also Walker*, 2019 WL 145626, at *10 (discussing that when, *inter alia,* a party already knew of the information, the court is less likely to conclude that the party has been prejudiced).  Indeed, the Court's review of the Joint Status Report demonstrates that Plaintiff indicated his only witnesses were to be himself

and Defendant.  Doc. 8 at 3.  Further, it was only after Defendant filed his Motion for Summary Judgment Regarding Medical Causation that Plaintiff moved for an extension of time and represented for the first time in this case his intention to make an expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C).  Defendant, however, made timely expert disclosures, and filed a Motion for Summary Judgment in accordance with the Court's amended case management deadlines based on Plaintiff not disclosing any experts under Rule 26(a)(2).  This factor, therefore, weighs in favor of denying Plaintiff's Motion.

### 2.    <u>The Length of Delay</u>

Here, the length of delay is considerable.  Plaintiff's expert disclosure deadline was initially set for September 30, 2019.  Doc. 11.  Plaintiff, however, did not meet that deadline. *See* Doc. 28.  When the Court entered its order amending the case management deadlines, Plaintiff's expert disclosure deadline was extended to February 14, 2020, giving Plaintiff an additional one hundred and thirty-seven days, or four and half months, to make his expert disclosures.  He failed to do so.  Additionally, the discovery deadline was April 13, 2020.  Doc. 38.  Yet Plaintiff did not file his Motion to Extend until May 11, 2020, almost a full month after the close of discovery, and only after Defendant filed his Motion for Summary Judgment. Granting Plaintiff an extension of time to make an expert disclosure at this point in the case would require the Court to reopen discovery, enter a new scheduling order, and push now-expired deadlines out by several weeks.  More significantly, extending the case management deadlines could have an impact on pending judicial proceedings.  As such, this factor weighs in favor of denying Plaintiff's Motion.

3.      **Reason for Delay**

Plaintiff fails to offer a sufficient reason for the delay.  Plaintiff explains that he

"misunderstood" the requirement by the Federal Rules of Civil Procedure that he needed to

disclose Plaintiff's treating physician with Plaintiff's expert disclosures.  Although Plaintiff cites

to a June 12, 2012, Order issued by now retired Magistrate Judge William Lynch to support that

his "mistake" has caused confusion elsewhere, the facts discussed therein are distinguishable.

Magistrate Judge Lynch's Order addressed the defendants' motion to exclude and motion for

summary judgment based on plaintiff's failure to submit expert reports on several of his treating

physician witnesses who had been disclosed in both the Joint Status Report and in a

supplemental disclosure.  USDC NM Civ. No. 10-145  JH/WPL, Doc. 85 (June 21, 2012).

Magistrate Judge Lynch discussed therein that the "law regarding the scope of testimony that a

treating physician may give without triggering the need for an expert report under Federal Rule

of Procedure 26(a)(2)(B) is somewhat unclear."  *Id.* at 2.  Judge Lynch nonetheless explained

that such uncertainty was no excuse for the plaintiff's failure to comply with the court's order

expressly requiring plaintiff "to provide a Rule 26 expert report for each doctor who will testify

as to the causation of Plaintiff's injuries."  *Id.* at 4.  However, because the "law is this area is

somewhat murky," Judge Lynch denied defendants' motion to exclude and motion for summary

judgment and erred on the side of allowing plaintiff's disclosed treating physicians to testify on

the issue of causation only "if they developed their opinions on causation during the course of

their treatment of [p]laintiff."  *Id.* at 5.  Judge Lynch also granted an extension of pretrial

deadlines only as to defendants' expert witness disclosure.  In sum, the confusion in the law

Judge Lynch addressed was not whether treating physicians had to be disclosed in the first

instance, but whether the scope of their testimony triggered an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Here, the issue is not whether Plaintiff failed to provide a timely expert report for an already disclosed treating physician testifying as to the causation of Plaintiff's injuries.  In this case, Plaintiff never disclosed his treating physician at all.  Moreover, the rules are clear that while treating physicians need not meet the report requirements of Rule 26(a)(2)(B), they still must disclose "(1) the subject matter on which the witness is expected to present evidence under FRE 702, 703 or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify," pursuant to Fed. R. Civ. P. 26(a)(2)(C).  *Munoz v. FCA US LLC*, USDC NM Civ. No. 17cv881 WJ/SCY, 2019 WL 3007095, at *3 (D.N.M. July 10, 2019).  In short, Plaintiff's counsel's ignorance of the Federal Rules of Civil Procedure does not constitute excusable neglect.  *Quigley*, 427 F.3d at 1238.  This factor, therefore, weighs in favor of denying Plaintiff's Motion to Extend.

### 4. <u>Good Faith</u>

Lastly, the Court finds no reason to conclude that Plaintiff has not acted in good faith in moving to extend the expert deadlines.  As such, this factor weighs in favor of granting Plaintiff's Motion to Extend.

Balancing all the factors, and considering the reason for the delay as the most important factor, *Hamilton,* 302 F. App'x at 798, the Court finds that Plaintiff's neglect in failing to seek an extension of his expert disclosure deadline until May 11, 2020, is not excusable.

### B. <u>Good Cause</u>

In briefing this motion, the parties focus primarily on whether Plaintiff has demonstrated good cause to amend the scheduling order and extend the expert disclosure deadline.  "'[G]ood

cause' requires a greater showing than 'excusable neglect.'"  *In Re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996).  Specifically, good cause requires that the movant "show the scheduling deadlines could not be met despite [the movant's] diligent efforts."  *Gorsuch*, 771 F.3d at 1240.

To demonstrate good cause, Plaintiff offers only that the error here is counsel's and that his error should not be the cause of his client's lawsuit being dismissed.  Doc. 49 at 2.  Yet this explanation fails to demonstrate that Plaintiff was diligent under the scheduling order deadline.  Further, applying the *Smith* factors, the Court finds they weigh against finding good cause.  *Smith*, 834 F.2d at 170.  For instance, only two *Smith* factors weigh in favor of finding good cause, *i.e.,* that a trial is not scheduled in this matter, and it is likely that extending the expert disclosure deadline will lead to relevant evidence.  However, the remaining four factors weigh against finding good cause, *i.e.,* the request is opposed, Defendant could be prejudiced in light of pending judicial proceedings, Plaintiff's counsel failed to provide a sufficient reason for not disclosing Plaintiff's treating physician within the time frame established by the Court, and it was foreseeable that Plaintiff would need expert medical opinion testimony to establish medical causation in this case.  *Id.*

For all of the foregoing reasons, the Court finds that Plaintiff has failed to meet both the excusable neglect and the good cause standards to extend his expert disclosure deadline.  Accordingly, the Court finds Plaintiff's Motion to Extend is not well taken and is **DENIED**.

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**