**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| KYLE BEEBE<br>Plaintiff,<br><br>v.<br><br>JOHN TODD<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:19-cv-00545-JHR-JFR<br><br>**JURY TRIAL REQUESTED** |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendant, John Todd, moves for an order striking Plaintiff, Kyle Beebe's, Amended Response to Defendant's Motion for Summary Judgment ("Amended Response). The Court has now denied Plaintiff's request to extend his expert disclosure deadline.[1] Accordingly, the untimely and previously undisclosed "Summary Disclosure and statement of David Silva, D.O." which was attached as Exhibit A to Plaintiff's Amended Response, may not be considered as summary judgment evidence. Since Plaintiff filed his Amended Response solely to inject this now-prohibited evidence into the summary judgment record, the Court should strike Plaintiff's Amended Response.

## I. BACKGROUND

On April 14, 2020, Defendant filed his Motion for Summary Judgment Regarding Medical Causation. *See* Dkt. No. 45. Defendant's Motion for Summary Judgment is based, in part, on Plaintiff's failure to properly disclose any expert witnesses or produce any expert reports as required by the Federal Rules of Civil Procedure and this Court's scheduling order. *See* Dkt. No. 45, pp. 11-18. On May 11, 2020, Plaintiff filed an original version of a Response to Defendant's

[1] *See* July 6, 2020 Order Denying Motion to Extend Time to File Rule 26(a)(2)(c) Summary Disclosures (Dkt. No. 58).

Motion for Summary Judgment. *See* Dkt. No. 50. Together with that response, Plaintiff also filed a Motion for Extension of his expert disclosure deadline "to name and provide Rule 26(a)(2)(C) summary disclosures from his treating healthcare providers showing that his injury and continued pain are the result of the motor vehicle collision on May 5, 2016." *See* Dkt. No. 49. Plaintiff's page-and-a-half MSJ response relied almost entirely on the premise that he be given more time to submit his expert disclosures. *See* Dkt. No. 50.

On June 15, 2020, Plaintiff filed his Amended Response. *See* Dkt. No. 56. The Amended Response was filed so that it could attach a brand-new Exhibit A – the "Summary Disclosure and statement of David Silva, D.O." This exhibit had not previously been included with Plaintiff's original MSJ response filed on May 11, 2020. In fact, this document had never been produced or otherwise disclosed to Defendant at any time in this litigation before Plaintiff submitted it with his Amended Response. Plaintiff's Amended Response argued that "the Court should deny the motion for summary judgment upon granting Plaintiff's Motion for Extension, accepting the Rule 26(a)(2)(C) summary disclosure and statement from Dr. Silva that in his professional medical opinion Kyle's continued pain and limitations are the result of the crash of May 5, 2016." *See* Dkt. No. 56, pp. 2-3.

On July 6, 2020, Magistrate Judge Robbenhaar issued an Order denying Plaintiff's Motion for Extension of time to file expert disclosures. *See* Dkt. No. 58. This Order made detailed findings and concluded that "Plaintiff has failed to meet both the excusable neglect and the good cause standards to extend his expert disclosure deadline." *See* Dkt. No. 58, p. 10. As a result, Plaintiff is now precluded from offering or relying on any expert opinions under Rule 26(a)(2) in this case. Therefore, his Amended Response should be stricken under Rule 37(c)(1).

## II. ARGUMENT

Rule 37(c)(1) provides this Court with a mechanism to address failures to disclose expert testimony such as the situation present here:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion***, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1) (emphasis added). "This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, ***or on a motion, such as one under Rule 56***." Fed. R. Civ. P. 37 advisory committee's note (emphasis added). The Court may also sanction the party via other means, including striking pleadings or dismissing the action. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); Fed. R. Civ. P. 37(c)(1)(A)-(C).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins.*, 170 F.3d 985, 993 (10th Cir. 1999)) (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). The Tenth Circuit has articulated four factors for courts to consider in making this determination: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." 170 F.3d at 993.

In a similar scenario to the case at bar, the Tenth Circuit relied on these factors to hold that a district court did not abuse its discretion in striking a plaintiff's expert reports where she did not submit the reports until nine months after the deadline for expert disclosure had passed, seven weeks after discovery had closed, and only after the defendant had filed its motion for summary

judgment. *Martinez v. Target Corp*., 384 F. App'x 840, 848 (10th Cir. 2010). Moreover, the US District Court for the District of New Mexico has consistently applied these factors to conclude that an untimely disclosure prejudices an opposing party, that the prejudice is incurable, and that the untimely disclosure disrupts trial when the party did not previously know of the information contained in the disclosure and/or the opposing party does not have an opportunity to engage in further discovery or depositions. *See, e.g., Leon v. FedEx Ground Package Sys., Inc*., 2016 WL 1158079, at *12-14 (D.N.M. March 1, 2016); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc*., 2009 WL 3672502, at *4-5 (D.N.M. Sept. 29, 2009).

In the present case, an examination of the *Woodworker's Supply* factors confirms that Plaintiff's failure to properly disclose the "Summary Disclosure and statement of David Silva, D.O." before June 15, 2020 was neither justified nor harmless. As for the first factor, Defendant would be prejudiced if this evidence is considered as part of Plaintiff's Amended Response. Defendant was never aware of Plaintiff's intent to use a treating physician as an expert witness who would offer opinions on causation until after Defendant filed his Motion for Summary Judgment.

Shortly after the inception of this case, on July 22, 2019, the parties submitted their Joint Status Report and Provisional Discovery Plan. *See* Dkt. No. 8. In that filing, Plaintiff represented that his only two witnesses would be himself and Defendant. *Id*. at p. 3. Subsequently, on December 11, 2019, Plaintiff served his Rule 26 Disclosures. *See* Exhibit 1. In that document, Plaintiff indicated that the only witnesses subject to a Rule 26(a)(1)(A) disclosure were those "contained in the Joint Status Report with the following additions: 3. Any witness identified by Defendant, 4. Any witness identified in Discovery, 5. Any foundation witnesses, 6. Any rebuttal witnesses." *Id*. Plaintiff then failed to disclose any expert witnesses or produce any expert reports

in accordance with Court's scheduling order before his February 14, 2020 deadline. It was not until Plaintiff filed his original Response to Defendant's Motion for Summary Judgment that Defendant first learned of Plaintiff's intent to rely on expert testimony in this lawsuit. Thus, the first factor weighs in favor of finding that Plaintiff's Rule 26(a) violation was not justified or harmless.

Regarding the second *Woodworker's Supply* factor, the Plaintiff has no ability to cure the prejudice. In response to Defendant's Motion for Summary Judgment, Plaintiff moved for an extension of time to make an expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C). Because Plaintiff's motion was denied by the Court, there is now no opportunity for the prejudice to be cured. As a result, the second factor also weights in favor of Defendant here.

The same is also true of the third factor. Allowing the expert testimony of Dr. Silva would disrupt the orderly progression of this matter. As pointed out by Magistrate Judge Robbenhaar in his Order of July 6, 2020:

> Granting Plaintiff an extension of time to make an expert disclosure at this point in the case would require the Court to reopen discovery, enter a new scheduling order, and push now expired deadlines out by several weeks. More significantly, extending the case management deadlines could have an impact on pending judicial proceedings.

Dkt. No. 58 at p. 7. It is immaterial that no trial date has been scheduled yet. Injecting Dr. Silva's expert opinions into this case (which Magistrate Judge Robbenhaar has already held will not be permitted) would result in additional and unnecessary delay in the scheduling of this case for trial, which is disruptive enough to warrant a finding that Plaintiff's Rule 26(a) violation was not justified or harmless. *See Lusk v. Sanchez*, 2010 WL 11601077, at *2 (D.N.M. Jan. 28, 2010) (holding that the plaintiff's failure to properly disclose his expert witnesses was not justified or harmless even though a trial date had not been set).

Finally, while Defendant does not believe that Plaintiff's Rule 26(a) violation was motivated by bad faith or willfulness, it is well-settled that a party's good faith alone may not be enough to overcome the other three factors. *See, e.g., Jacobsen v. Deseret Book Co*., 287 F.3d 936, 955 (10th Cir. 2002); *Derrick v. Standard Nutrition Co*., 2019 WL 2717150, at *6 (D.N.M. June 28, 2019).

## III. CONCLUSION

Based on the above, it is clear that Plaintiff's failure to produce or disclose the "Summary Disclosure and statement of David Silva, D.O" prior to its inclusion with Plaintiff's Amended Response was neither justified nor harmless based on the *Woodworker's Supply* factors. Therefore, Plaintiff "is not allowed to use that information or witness to supply evidence on a motion." Fed.R.Civ.P. 37(c)(1). Since the only reason that Plaintiff filed his Amended Response was to introduce that now-prohibited document into the record, this Court should strike Plaintiff's Amended Response in its entirety under Rule 37(c)(1).

Respectfully submitted,

**FERNELIUS SIMON MACE ROBERTSON PERDUE, PLLC**

By: */s/ Ryan M. Perdue*
Stephen M. Fernelius
New Mexico Bar No. 152675
CAID No. 19325
Email: steve.fernelius@trialattorneytx.com
Ryan M. Perdue
New Mexico Bar No. 152728
CAID No. 19393
Email: ryan.perdue@trialattorneytx.com
4119 Montrose Blvd, Suite 500
Houston, Texas 77006
Telephone: (713) 654-1200
Facsimile: (713) 654-4039

**ATTORNEYS FOR DEFENDANT JOHN TODD**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on the 7th day of July, 2020.

*/s/ Ryan M. Perdue*
Ryan M. Perdue

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Plaintiff's counsel regarding the merits of this Motion via email on July 7, 2020. Plaintiff's counsel indicated that he is opposed to this Motion.

*/s/ Ryan M. Perdue*
Ryan M. Perdue