IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KYLE BEEBE,

       Plaintiff,

v.                                                                                         CV 19-0545 JHR/JFR

JOHN TODD,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant John Todd's *Motion for Summary Judgment* [Doc. 45], filed April 14, 2020, and Defendant's *Motion to Strike Plaintiff's Amended Response to Defendant's Motion for Summary Judgment* [Doc. 59], filed July 7, 2020. Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to the undersigned Magistrate Judge to conduct dispositive proceedings in this matter, including entering final judgment. [Doc. 7]. Having thoroughly reviewed the parties' submissions and the relevant law, the Court grants in part and denies in part Defendant's Motion to Strike, and **denies** Defendant's Motion for Summary Judgment.

    **I.**       **FACTUAL AND PROCEDURAL BACKGROUND**

This personal injury case arises from an automobile accident occurring on May 5, 2016, between Plaintiff, a resident of Colorado, and Defendant, a New Mexico resident. [Doc. 1, p. 6]. Plaintiff alleges that he was proceeding southbound on U.S. 55 in the City of Cedar Hill in San Juan County, New Mexico, when Defendant failed to yield the right of way and attempted a left

turn from the Giant service station onto northbound U.S. 550, causing a collision. [Doc. 1, pp. 6-7].

Plaintiff sued Defendant in New Mexico state court on April 26, 2019, and Defendant removed the case to this Court on June 12, 2019. [*See generally* Doc. 1]. The original scheduling order was entered on August 1, 2019, and after amendments, the Court set a deadline for expert disclosure by March 13, 2020, and a discovery deadline of April 13, 2020. [Doc. 11; Doc. 12; Doc. 38; Doc. 39]. Plaintiff did not disclose any medical expert on causation before the deadline. [*See* Doc. 50 at 1].

On April 14, 2020, Defendant filed the Motion for Summary Judgment currently before the Court. [Doc. 45]. The Motion challenges Plaintiff's ability to prove medical causation without a designated expert witness. [*Id.*]. Plaintiff responded to the Motion for Summary Judgment on May 11, 2020 and filed a Motion to Extend Time to File Rule 26(a)(2)(C) Summary Disclosures. [Doc. 49; Doc. 50]. Plaintiff then filed an amended response to the Motion for Summary Judgment on June 15, 2020, in part, seeking a late introduction of Plaintiff's medical expert on causation. [Doc. 56]. The Court denied Plaintiff's motion to extend time on July 6, 2020, and Defendant filed the pending Motion to Strike Plaintiff's amended response on July 7, 2020. [Doc. 58, 59].

## II.  UNDISPUTED MATERIAL FACTS

In response to Interrogatory No. 9, Plaintiff stated that he suffered "lower back/Hip [injury]; Aggravation of Hernia" as a result of the accident. [Doc. 45, Ex. 2]. Plaintiff testified that he had no lower back problems prior to the collision on May 5, 2016. [Doc. 50, Exhibit ("Ex.") 2]. On the day of the accident, Plaintiff visited Lake Chiropractic and Animas Surgical Hospital. [Doc. 45, Ex. 6, 7]. On May 13, 2016, Plaintiff visited Animas Urgent Care and Animas Surgical Hospital. [Doc. 45, Ex. 8, 9]. On June 20, 2016, Plaintiff visited Animas Surgical Hospital again.

[Doc. 45, Ex. 10]. All five of these medical visits were within the first two months of the accident. [Doc. 45, Ex. 6-10]. This automobile accident is listed as the reason for all five of these visits. [*Id.*] Even though these medical visits cited to many and different areas of pain (e.g., both shoulders, right anterior hip region, mid back, posterior neck etc.), at least four visits mentioned discomfort around anterior pelvis and/or hip. [*See* Doc. 45, Ex. 6, 8, 9, 10].

Defendant provided Plaintiff's medical records for the succeeding two years in an attempt to show Plaintiff's slow recovery and/or lack of symptoms resulting from the collision. [*See* Doc. 45, Ex. 11-19]. Defendant's medical expert is also prepared to testify that "although it is not precisely clear what condition(s) plaintiff may have that accounts for his difficulties . . . the motor vehicle collision is not the cause." [Doc. 45, Ex. 5].

### III. ANALYSIS

#### A. MOTION TO STRIKE

Defendant asks the Court to strike Plaintiff's amended response to the Motion for Summary Judgment in its entirety as an improper circumvention of the Court's denial of Plaintiff's motion to extend the discovery deadline in order to produce a medical expert on causation. [Doc. 56, 58, 59].

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court does not consider Plaintiff's failure to follow discovery deadlines substantially justified nor harmless. Medical causation is the central argument of the current motion for summary judgment, and the Court analyzed the "substantially justified" argument in its denial of the Motion to Extend. [*See* Doc. 58]. For these reasons, the Court grants

Defendant's Motion to Strike in part and will disregard all expert medical witness information introduced after the deadline. However, the Court does not agree that Plaintiff's amended response to Defendant's Motion for Summary Judgment was filed *solely* to inject a medical expert,[1] and so will not disregard the response in its entirety.

### B. MOTION FOR SUMMARY JUDGEMENT

Defendant argues that Plaintiff cannot establish causation without any expert medical evidence of causation, and, thus, he is entitled to summary judgment. Because the Court grants the Motion to Strike in part, the Court precludes Plaintiff's expert causation testimony that was introduced after the deadline. Therefore, the Court will analyze whether summary judgment is appropriate in the absence of any expert medical evidence on causation.

#### i. Legal Standard

Under Rule 56, a party may move for summary judgment on any claim or defense, which shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). For purposes of summary judgment, a verified complaint is treated as an affidavit. *Mark v. Jackson*, No. CIV-11-426-M, 2012 WL 1035879, at *8 n. 11 (W.D. Okla. Mar. 12, 2012), *report and recommendation adopted*, No. CIV-11-426-M, 2012 WL 1035761

---

[1] For example, Plaintiff's response argued that he "never had lower back or SI joint pain before the collision." [Doc. 56 at 2].

(W.D. Okla. Mar. 28, 2012) (citing *Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir.1988) (*per curiam*)).

When reviewing a motion for summary judgment, "[t]he factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment.'" *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). It is not the Court's "province at the summary judgment stage to weigh the evidence or make credibility determinations." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105-06 (10th Cir. 2008).

### ii. Application

It is undisputed that Plaintiff failed to disclose an expert on medical causation. However, there is no bright line rule in New Mexico[2] requiring a medical expert to testify as to causation in personal injury cases. *Williams v. Curtis*, 2014 WL 12569376, at *3 (D.N.M 2014) (citing *Woods v. Brumlop*, 1962-NMSC-133, ¶ 8, 71 N.M. 221, 224 (1962)). New Mexico trial courts utilize a reasonableness standard: a plaintiff is required to produce an expert "when the trial court reasonably decides that it is necessary to properly inform the jurors on the issues." *Duke v. Garcia*, 2014 WL 1333151, at *2 (D.N.M. 2014). The Court on a motion for summary judgment must decide whether an expert medical witness is reasonably necessary for a jury to determine the cause of Plaintiff's alleged injury, or whether causation is straightforward and simple enough that a lay juror could reasonably infer causation. *Id.*

The Court concludes that causation is straightforward enough under the facts present here to preclude summary judgment. In reaching this conclusion the Court finds *Williams* persuasive.

---

[2] The Court agrees with Judge Baldock's analysis that New Mexico state law should apply on medical causation because New Mexico seems to require expert testimony in cases that are not straightforward. *Duke v. Garcia*, 2014 WL 1333151, at *1 n.1 (D.N.M. 2014); *see Williams v. Curtis*, 2014 WL 12569376 (D.N.M. 2014) (applying New Mexico state law regarding medical causation).

In *Williams* the Plaintiff survived her motion for summary judgment in a medical causation case also involving an automobile accident. 2014 WL 12569376, at *4. *Williams* involved a rear-end accident with the plaintiff claiming a resulting back injury. *Id.* at *1. The plaintiff in *Williams* also did not have an expert on medical causation and the defendants planned to introduce their own expert to testify that the plaintiff's injury was not caused by the automobile accident at hand. *Id.* at *2.

Unlike the current case, the plaintiff in *Williams* had a history of back pain. *Id.* at *1-2. Plaintiff sought treatment for back pain starting at least two years before the automobile accident and as recently as one month before the accident. *Id.* at *1. The automobile accident happened on May 26, 2011, and plaintiff only once sought medical treatment, on June 10th. *Id.* The treating physician on the June 10th visit noted "no significant changes [to the back injury]" from the April 29th visit. *Id.* On June 11th, the plaintiff had a subsequent accident that caused new back problems and resulted in a visit to the emergency room on June 12th. *Id.* at *1-2. The *Williams* plaintiff stated she would testify that she recovered from her previous back injury, and "she [was] able to identify which pain she suffered as a result of which incident." *Id.* at *2.  She " 'attribute[ed] the greater portion of the source of her back pain'…to the May 26, 2011 collision". and she will further testify that the collision "pain was different . . . It's pain, an intense burning sensation".  *Id.* The *Williams* court found summary judgment on causation inappropriate because "[i]f Plaintiff's testimony is believed by the jury, Plaintiff may be able to establish causation for some of her claimed damages, for example, damages the day of the collision. This alone defeats Defendants' motion for summary judgment." *Id.* at *4.

Applying *Williams*' rationale here, the Court reaches the same result. As noted, Plaintiff testified that he never had any back problems before the accident. [Doc. 50, Ex. 2]. He then visited

6

medical facilities four times within the first two weeks of the accident, and all cited to this accident as the reason for the medical visits. [Doc. 45, Ex. 6-9]. Neither Plaintiff nor Defendant offered any evidence suggesting an alternative cause to the back problems during the first two weeks immediately after the accident. Based on these undisputed facts, the Court holds that there is sufficient evidence to create a genuine issue as to causation for Plaintiff's back pain at least two weeks after the accident. As in *Williams*, Plaintiff can permissibly testify at trial as to his medical damages from the date of the accident. This alone defeats Defendant's motion for summary judgment. Additionally, given proximity to the accident, Plaintiff may also plausibly testify that his medical damages from the first two weeks post-collision resulted from it without offering a medical expert on causation.

Defendant would have the Court analogize this case to *Duke v. Garcia, supra.* [Doc. 45 at 13-15]. *Duke* is distinguishable from this case. The plaintiff in *Duke* alleged that the defendant caused her to break her foot when he pushed her during a repossession. 2014 WL 1333151, at *1. However, a third party was willing to testify that Plaintiff said "her foot was injured when Plaintiff fell downstairs." *Id.* at *2. Plaintiff did not controvert the factual assertion that she told two other people that she broke her foot when she fell down the stairs. *Id.* In other words, in *Duke*, there was evidence of multiple possible causes of the plaintiff's broken foot. *Id.* at *2-3. Here, Plaintiff testified that he never had any back problems before the automobile accident, and there is medical evidence showing that he sought treatment for back problems after the accident. [Doc. 45, Ex. 6-10; Doc. 50, Ex. 2]. Furthermore, Defendant did not offer any alternative theories as to the cause of Plaintiff's back problems within the first two weeks of the accident.

## IV. CONCLUSION

Plaintiff cannot disclose and utilize an expert witness after the disclosure deadline without leave of court, which has been denied; thus, the Court must disregard untimely expert evidence. However, Plaintiff testified that he never had back problems prior to the subject accident, medical records show that he sought treatment for back problems within the first two weeks of the accident, and neither party offered alternative causes for Plaintiff's back problems. Therefore, the Court holds that there is sufficient evidence to create a factual issue regarding the cause of Plaintiff's back problems on the day of the accident and within the first two weeks of the accident even without expert testimony and so denies Defendant's motion for summary judgment.

**WHEREFORE, IT IS ORDERED THAT:**

(1) Defendant's Motion to Strike Plaintiff's Amended Response to Defendant's Motion for Summary Judgment [Doc. 59], is hereby **GRANTED IN PART AND DENIED IN PART**. The Court will disregard all expert evidence disclosed after the discovery deadline, namely, Plaintiff's expert opinion as to medical causation; and,

(2) Defendant's Motion for Summary Judgment [Doc. 45], is **DENIED**.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*